OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable T. O. Booth
State Veterinarian
Livestock Sanitary Commission
Fort Worth, Texas

Dear Sir:

Opinion No. O-4062
Re: If a written permit is
given to a person which will
permit the importation of
livestock into the State of
Texas from other states upon
which the Livestock Sanitary
Commission has placed a quaran-
tine, and such person, after
entering the State of Texas,
does not comply with the pro-
visions of the permit or the
other requirements of the qua-
rantine, or if a person imports
livestock in violation of the
requirements of the quarantine,
would it be legal for a law en-
forcement officer in the State
of Texas to file a complaint,
arrest and prosecute such a
person and would the penalty
for violating the quarantine,
as provided in Sec. 4, H.B.
76, be the legal penalty for
such a violation?

This is in answer to your request for an opinion of
this department on the above stated question. Your request
reads as follows:

"Enclosed is a copy of two quarantines proposed
to be put into effect for the purpose of preventing
the introduction of contagious and infectious diseases
into the State of Texas from other states.

"The authority for establishment of quarantines
against other states is contained in Section 1, of
House Bill No. 76, of the 41st Legislature, and in
Section 3, of the same House appears the following:

"'All quarantine notices shall state the requirements and restrictions under which livestock can be permitted to enter the State of Texas or to be moved from any quarantined places; or if the seriousness of the disease is such that movements of such livestock should not be permitted, then and in that event said quarantine shall state this fact.'

"The question which is desired to be answered is, in the event that a written permit is given to a person which will permit the importation of livestock into the State of Texas from other states, upon which this Commission has placed a quarantine, such quarantine requiring a written permit from this Commission, or in addition a written permit and a health certificate certifying that the requirements of the quarantine have been complied with, and such person, after entering the State of Texas, does not comply with the provisions of the permit or the other requirements of the quarantine, or if a person imports livestock in violation of the requirements of the quarantine; would it be legal for a law enforcement officer in the State of Texas to file a complaint, arrest and prosecute such a person and would the penalty for violating the quarantine, as provided for in Section 4, of this same Act, be the legal penalty for such a violation.

"Section 9 of this same Act, states that stocker or range cattle, or cattle, sheep and hogs billed and shipped for immediate slaughter purposes, shall be admitted into the State of Texas without certification, treatment, vaccination or testing and Section 10, of this same Act, states the manner in which such livestock shall be accorded the designation of immediate slaughter.

"In the past, peace officers have attempted to enforce the laws of this Commission in respect especially to immediate slaughter hogs and even though the truckers have written statements, which are made out of course, by themselves, that such hogs are for immediate slaughter, they do not take them to a slaughtering establishment, but take them to one of the numerous Auction Sales now

"operating in Texas, where the identity of the hogs, of course, are lost. Inasmuch as the written statement of the driver is all that is necessary, he may make such statements on hogs, which are obviously not of immediate slaughter type, and evade other requirements of hogs in that manner and it is physically impossible for local peace officers or employees of the Veterinary Department of the Livestock Sanitary Commission, to trail these trucks to the point where the animals are disposed of."

House Bill No. 76, Acts 1929, 41st Leg., 1st C. S., is set forth in Vernon's Annotated Penal Code as Article 1525b.

Section 1 of Article 1525b, supra, authorizes the livestock sanitary commission of this State to establish quarantines against other states, territories, foreign countries and portions thereof whenever said commission ascertains or is informed that any of the diseases mentioned in the Act exist therein and to establish quarantines within the State of Texas, also counties, districts, areas, premises, lands, pastures, lots, ranches, farms, fields, ranges, thoroughfares, buildings, barns, stables, stockyard pens and other places whenever said commission ascertains that any of said diseases or the agencies of transmission thereof exist in any of said places or among any of said livestock, domestic animals or domestic fowls, or that any of said places, live-stock, domestic animals or domestic fowls are exposed to any of said diseases or to the germs or agency of transmission of any of said diseases.

Section 3 of Article 1525b, supra, prescribes the manner in which notices of quarantines established by the livestock sanitary commission shall be given.

Section 4 of Article 1525b, supra, among other things provides in effect that if any person, firm or corporation shall in any manner move or transport any cattle, horses, mules, etc, into the State of Texas from any state, territory or foreign country against which a quarantine is established by the livestock sanitary commission under any provision of the Act, or from any quarantined part of any state, territory or foreign country against which a quarantine is established by the livestock sanitary commission under any provision of the Act, shall be fined

not less than $25.00 per head nor more than $100.00 per head for each head of such livestock, domestic animals or domestic fowls which are in any manner transported or moved by said person, firm or corporation in violation of said quarantine, <u>unless said livestock, domestic animals or domestic fowls are accompanied by a written certificate or written permit from the livestock sanitary commission of Texas or a written certificate or written permit from a veterinarian or other representative authorized by said commission to issue the same.</u> This section (Section 4) makes it a penal offense for any person, firm or corporation to transport or move into this State in any manner domestic animals or domestic fowls, etc., from the State or a territory which is quarantined unless said person, firm or corporation obtains a written certificate or written permit from the livestock sanitary commission or a written permit from a veterinarian or other representative authorized by said commission to issue the same, which is to accompany the domestic animals or domestic fowls or livestock transported or move, in any manner, into this State. After the written certificate or permit is obtained from the commission or its authorized agent, apparently Section 4 does not provide that a violation of the written provisions of the certificate or permit shall be a penal offense or provide any penalty for the violation of the same. However, if any person, firm or corporation should transport or move, in any manner, livestock, etc., into this state from a quarantined area without obtaining the written certificate or permit, then Section 4 would be applicable and the party would be subject to prosecution under said Section. And any person who is generally qualified to make a complaint could file a complaint against the party or parties violating the provisions and any peace officer could legally arrest the parties so violating the said section and prosecution could be instituted and carried on as in other ordinary misdemeanor cases.

Section 9 of Article 1525b, supra, among other things, provides in effect, that it shall be unlawful for any person, firm or corporation to ship, drive, haul, etc., or otherwise move from any state, territory or foreign country into any county in the State of Texas, or for any railroad company or other common carrier to haul, ship or transport into any county in the State of Texas from any state, etc., any cattle, horses, mules, etc., except as provided in the Act, unless the same are accompanied by a health certificate issued by a veterinarian

authorized by or recognized by the livestock sanitary commission on a health certificate form prescribed in the rules and regulations of said commission. However, this section provides that:

"Stocker or range cattle, and cattle and sheep and hogs billed and shipped for immediate slaughter purposes shall be admitted to the State of Texas without certification, treatment, vaccination or testing."

Section 10 of the above mentioned statute, provides in effect that livestock shall not be considered as billed or shipped or intended for immediate slaughter purposes unless they are handled in accordance with the rules and regulations of the livestock sanitary commission and accompanied by a written statement of this fact shown on the way-bill or bill-of-lading, express shipping papers, or if hauled by trucks or other vehicles, the driver shall have in his possession a written statement of this fact; cattle shall not be considered stocker or range cattle if they are dairy or breeding cattle or pure bred cattle nor if they are intended for milk purposes. Considering Section 9, supra, it is apparent that it is a violation of said Section when any livestock as mentioned therein are brought into this State without first obtaining a health certificate in the manner prescribed therein unless the livestock brought into the state are stocker or range cattle and cattle and sheep and hogs billed and shipped for immediate slaughter purposes, and any person violating the provisions of Section 9 may be prosecuted thereunder. Where livestock are brought into this state for immediate slaughter purposes without certification, treatment, vaccination or testing as required by said Section 9 and the person so bringing said livestock into this state has a way-bill or bill-of-lading, express shipping papers, or if hauled by trucks or other vehicles the party has in his possession a written statement of this fact and the animals are not taken to a slaughtering establishment in compliance with the above mentioned act, then such parties would be subject to prosecution under Section 9 for bringing said livestock, etc., into this state without first complying with the same with reference to securing a health certificate under the terms of the statute.

In this connection, we also direct your attention to Section 26 of Article 1525b which provides in effect that whenever any livestock, canines or fowls are moved or permitted to move into the State of Texas in violation of any quarantine

established under any provision of the Act or any other livestock sanitary law or in violation of any provision of the act or of any livestock sanitary law are moved from any place in the State of Texas in violation of any quarantine established under the Act, it shall be the duty of the livestock sanitary commission to quarantine said livestock, etc., whenever found and enforce said quarantine until said livestock has been properly treated or vaccinated or tested, dipped or otherwise disposed of as may be provided for in the rules and regulations of the livestock sanitary commission.

It will be further noted, that Section 27 of the above mentioned Act provides that any citizen of the State may bring an injunction suit to enforce any of the provisions of the Act or to restrain the threatened violation of any of the provisions of the Act and the courts may herein determine said injunction either in vacation or term time, and fully dispose of all issues involved in said injunction and suit either in vacation or term time, whether or not the same is a restraining or mandatory injunction, provided reasonable notice is given to the defendant under the direction of the court, where mandatory injunction is sought.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s)   Ardell Williams
                Assistant

AW:ej

APPROVED OCT. 22, 1941
(s) Grover Sellers
First Assistant Attorney General

APPROVED
Opinion Committee
By B.W.B.   Chairman